**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Vanessa Y. Flores** | Bankruptcy No. 14-05148 |
| Debtor | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, April 24, 2015, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois, on the 2nd Floor of the Joliet City Hall Building at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the Trustee's First and Final Application for Compensation and Reimbursement of Expenses of His Counsel, FactorLaw, a copy of which is attached hereto and herewith served upon you.

Dated: March 27, 2015

**Thomas B. Sullivan**, not individually but solely as the chapter 7 trustee of the bankruptcy estate of Vanessa Y. Flores

By: */s/ Ariane Holtschlag*
One of his attorneys

Zane Zielinski (6278776)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00029381 2}

## CERTIFICATE OF SERVICE

I, Ariane Holtschlag, an attorney, hereby certify that on March 27, 2015, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *Trustee's First and Final Application for Compensation and Reimbursement of Expenses of His Counsel, FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all creditors that have timely filed claims as listed on the Service List below.

*/s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

- **William D Cherny**      bill@chernylaw.com
- **Denise A Delaurent**    USTPRegion11.es.ecf@usdoj.gov, Denise.DeLaurent@usdoj.gov;maria.r.kaplan@usdoj.gov
- **David Paul Holtkamp**   dholtkamp@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;dholtkamp@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- **Ariane Holtschlag**     aholtschlag@wfactorlaw.com, gsullivan@wfactorlaw.com;gsullivan@ecf.inforuptcy.com;nbouchard@wfactorlaw.com
- **Patrick S Layng**       USTPRegion11.ES.ECF@usdoj.gov
- **Thomas B Sullivan**     tsullivan@wfactorlaw.com, IL19@ecfcbis.com;gsullivan@ecf.inforuptcy.com

**Non-Registrants**
(Service via U.S. Mail)

Atlas Acquisitions LLC
294 Union Street
Hackensack, NJ 07601

World Finance Corporation
2744 Columbus Street
Suite 400
Ottawa, IL 61350

Creditors Discourtor Audit
POB 213
Streator, IL 61364

{00029381 2}

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **Vanessa Y. Flores** | Bankruptcy No. 14-05148 |
| Debtor | Honorable Bruce W. Black |

**TRUSTEE'S FIRST AND FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF HIS COUNSEL, FACTORLAW**

Thomas B. Sullivan, not individually, but as Chapter 7 trustee (the "*Trustee*") of the bankruptcy estate of Vanessa Y. Flores (the "*Debtors*"), hereby submits his first and final application (the "*Application*") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation totaling $5,235.00 for legal services performed by the Law Office of William J. Factor d/b/a/ FactorLaw ("*FactorLaw*"), counsel to the Trustee, during the period of May 1, 2014 through and including March 27, 2015, (the "*Application Period*") and reimbursement of expenses totaling $73.12 incurred in connection with those services. In support of its Application, FactorLaw respectfully states as follows:

### JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "*Case*") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

## BACKGROUND

4. On February 18, 2014, (the "*Petition Date*"), the Debtor filed a voluntary petition for relief under chapter 13 of title 11, United States Code (the "*Bankruptcy Code*"), thereby initiating this Case.

5. Thomas B. Sullivan is the duly appointed and qualified Chapter 7 Trustee of the Case.

6. Prior to the Petition Date, the Debtor became entitled to receive an inheritance from her late mother (the "*Inheritance*").

7. The Debtor omitted the Inheritance from her original Schedule B. *See* Dkt. No. 1.

8. On March 13, 2014, the Trustee conducted a meeting of creditors pursuant to § 341 of the Bankruptcy Code and, again, the Debtor failed to inform the Trustee of her Inheritance.

9. On March 18, 2014, there appearing to be no assets of value to the Estate, the Trustee filed his "no-asset" report.

10. Thereafter, the Trustee was alerted to the existence of the Inheritance not by the Debtor, but by a third party.

11. Upon learning of the Inheritance the Trustee withdrew his report of no assets and sought turnover of the Inheritance proceeds which were reportedly now in the possession of the Debtor.

12. On May 7, 2014, the Debtor filed an Amended Schedule B disclosing an "Inheritance from deceased Mother's intestate estate" with a value of $44,897.57. *See* Dkt. No. 23.

13. On May 10, 2014, the Debtor filed an Amended Schedule C shifting $3,995 of her "wildcard" exemption from her household goods and furnishings to the newly disclosed Inheritance. *See* Dkt. No. 28.

14. During this time, the Debtor failed to cooperate with the Trustee's requests for voluntary turnover of the Inheritance proceeds and the Trustee was forced to bring a formal motion for turnover.

15. On May 23, 2014, this Court entered an order directing the Debtor to turnover the Inheritance proceeds as well as an accounting of any dissipated proceeds and any documentation in the Debtor's possession relating to the Inheritance on or before May 30, 2014. *See* Dkt. No. 34.

16. On May 29, 2014, Trustee's counsel received a money order from the Debtor in the amount of $15,000 with no further accounting or documentation.

17. Due to the Debtor's on-going failure to comply with this Court's Turnover Order, on June 20, 2014, the Trustee brought a motion for civil contempt against the Debtor. *See* Dkt. No. 41.

18. At the hearing on the Trustee's motion for civil contempt, the Debtor provided the Trustee with an "accounting" consisting of a narrative summary of cash transactions including: a vacation in Las Vegas, a new car, shopping for cloths and gifts, wedding rings and a vacation to Minnesota. In total, the Debtor spent $30,000 in two months' time, $5,000 of which was spent *after* Debtor amended her schedules to disclose the Inheritance as an asset.

19. Based on the foregoing, and having extended the deadline for filing complaints under § 727 of the Bankruptcy Code, the Trustee prepared to file an adversary complaint seeking to deny the Debtor's discharge based on her omissions, failure to cooperate and continued dissipation of property of the Estate even after she was represented by new counsel and well aware that 1) the Inheritance proceeds were property of the estate and 2) the need to turnover the Inheritance proceeds to the Trustee.

20. However, in lieu of defending such litigation, the Debtor elected to voluntarily waive her discharge and on July 31, 2014, the Debtor's voluntary waiver of discharge was filed with the court. *See* Dkt. No. 48.

21. On August 27, 2014, the Trustee filed his motion to accept the Debtor's waiver of discharge and on September 5, 2014, this Court approved the waiver.

22. This Application seeks allowance of all fees and expenses incurred by FactorLaw during the Application Period.

## FEE APPLICATION

23. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

**I. Services Performed**

    A. *Turnover of Inheritance*                                        *$2,670.00*

24. FactorLaw spent 10.70 hours at a cost of $2,670 on issues related to obtaining turnover of the Inheritance from the Debtor. Due to the Debtor's failure to cooperate with the Trustee and obey the orders of this Court, there were some issues obtaining turnover of the $15,000 in proceeds remaining.

    B. *Objection to Exemption*                                      *$1,045.00*

25. FactorLaw spent 5.6 hours at a cost of $1,045 objecting to the Debtor's amended claim of exemption in the Inheritance proceeds.

    C. *Waiver of Discharge*                                            *$1,520.00*

26. FactorLaw spent 6.0 hours at a cost of $1,520 seeking denial of the Debtor's discharge and ultimately obtaining waiver of the same.

  *D. Administrative*                                *$0.00*

  27. FactorLaw spent 1.4 hours employing professionals on behalf of the Estate the fees for which have been waived. FactorLaw has additionally waived all time related to the preparation of this Application.

## II. Attorneys Providing Services for this Estate

  28. William J. Factor (WJF) is a partner at FactorLaw. Mr. Factor is a 1990 graduate of the DePaul University College of Law, where he was a member of the DePaul Law Review and was elected to the Order of the Coif. Mr. Factor specializes in bankruptcy, financial restructuring and commercial litigation. Mr. Factor routinely represents trustees, debtors and creditors in bankruptcy cases.

  29. David P. Holtkamp (DPH) is an associate at FactorLaw. Mr. Holtkamp is a 2009 graduate of John Marshall Law School (*manga cum laude*), where he was a member of the John Marshall Law Review and elected to the Order of John Marshall. Mr. Holtkamp served as law clerk to the Hon. Bruce W. Black. Mr. Holtkamp specializes in bankruptcy, financial restructuring and commercial litigation and routinely represents trustees, debtors and creditors in bankruptcy cases.

  30. Ariane Holtschlag (AH) is an associate at FactorLaw. Ms. Holtschlag is a 2007 graduate of the University of Iowa College of Law. Ms. Holtschlag specializes in bankruptcy law and routinely represents trustees, debtors and creditors in bankruptcy cases.

## III. Calculation of Time and Fees

  31. On May 14, 2014, the Trustee filed his application to employ William J. Factor and FactorLaw as Counsel to the Trustee. *See* Dkt. No. 30. The application was granted effective May 1, 2014. *See* Dkt. No. 35.

  32. This is the Trustee's first and final application for compensation and reimbursement of fees and expenses incurred by FactorLaw during the Application Period.

33. FactorLaw's professionals spent a total of 23.70 hours providing necessary legal services for the Trustee. As a result, FactorLaw requests compensation in the amount of $5,235 for actual, necessary legal services performed. Additionally, FactorLaw incurred expenses of $73.12 for actual, necessary expenses incurred in representing the Trustee during the Application Period.

34. FactorLaw maintains contemporaneous written records of the time expended by its professionals and expenses incurred. Copies of such records for this Case are grouped and attached hereto as **Exhibit 1** and **Exhibit 2**, respectively.

35. The hourly rates charged are the regular hourly rates charged by the firm to its clients. The average hourly rate is $220.87.

36. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses.

37. FactorLaw worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was either a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

38. No agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

39. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

40. Finally, FactorLaw represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

## BASIS FOR THE REQUESTED RELIEF

41. Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

42. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

43. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264 F.3d at 707. Moreover, "[t]he lawyer's regular rate is *strongly presumed* to be the market rate for his or her services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

44. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

45. The average hourly billing rate for the attorneys who performed the Services—that is, the "lodestar" rate—is $220.87. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

## NOTICE

46. Pursuant to Federal Rule, Bankruptcy Procedure 2002, this Application (without exhibits) was served on all creditors that have timely filed claims, the U.S. Trustee, and the Debtor's attorney.

## CONCLUSION

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order: a) allowing FactorLaw compensation for actual, necessary

legal services in the amount of $5,235.00; b) allowing FactorLaw reimbursement of actual, necessary expenses in the amount of $73.12; c) authorizing the Trustee to pay FactorLaw compensation and expense reimbursement in the total amount of $5,235.00; and d) granting such other relief as the Court deems just and equitable.

| | |
|---|---|
| Dated: March 27, 2015 | **Thomas B. Sullivan**, not individually but solely as the chapter 7 trustee of the bankruptcy estate of Vanessa Y. Flores |
| | By: */s/ Ariane Holtschlag* <br> One of his attorneys |

Zane Zielinski (6278776)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (847) 239-7248
Fax: (847) 574-8233
Email: zzielinski@wfactorlaw.com
        aholtschlag@wfactorlaw.com

{00029381 2}